UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| THOMAS A. CADY, ) | |
| ) | |
| Plaintiff, ) | 2:10-cv-01994 JWS |
| ) | |
| vs. ) | ORDER AND OPINION |
| ) | |
| AMERICAN FAMILY INSURANCE ) | [Re: Motions at Docket 14] |
| COMPANY, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## I. MOTION PRESENTED

At docket 14, defendant United Services Automobile Association ("USAA") moves pursuant to Federal Rules 12(b)(1), 12(b)(6), and 12(h)(3) to dismiss for lack of subject matter jurisdiction, for failure to state a claim, and, in the alternative, for a more definite statement. Plaintiff Thomas A. Cady ("Mr. Cady") opposes the motion at docket 17. USAA's reply is at docket 22. Oral argument was not requested and would not assist the court.

## II. BACKGROUND

This lawsuit arises out of an automobile accident that took place in Phoenix, Arizona, in September 2007. Mr. Cady's vehicle was struck by another motorist.

Mr. Cady's wife was a passenger in his vehicle.  Mr. Cady was insured by American Family Insurance Company ("American Family").  The other driver was insured by USAA.

Mr. Cady filed this lawsuit in federal court on September 17, 2010.  He is proceeding *pro se*.  Mr. Cady's complaint asserts claims based on a variety of Arizona statutes, bad faith, breach of fiduciary duty, intentional interference with a protected property interest, intentional or negligent infliction of emotional distress, and deceit.  Mr. Cady also seeks declaratory relief.  His complaint named American Family and USAA and included a number of fictitious defendants.

### III.  STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(1), a party may seek dismissal of an action for lack of subject matter jurisdiction.  In order to survive a defendant's motion to dismiss, the plaintiff has the burden of proving jurisdiction.[1]  Where the defendant brings a facial attack on the subject matter jurisdiction of the district court, the court assumes the factual allegations in the plaintiff's complaint are true and draws all reasonable inferences in the plaintiff's favor.[2]  The court does not, however, accept the truth of legal conclusions cast in the form of factual allegations.[3]

---

[1] *Tosco v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2000).

[2] *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009).

[3] *Id.*

## IV.  DISCUSSION

**A. The Court Does Not Have Subject Matter Jurisdiction Because There Is Not Complete Diversity**

Article III of the Constitution extends the judicial power to "controversies . . . between citizens of different states."[4]  Under 28 U.S.C. § 1332, federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States."[5]  Whereas the Constitution contemplates minimal diversity, § 1332 requires complete diversity–no plaintiff may be a citizen of the same state as any defendant.[6]

Mr. Cady is a citizen of either Arizona or Florida.  A "natural person's state citizenship is . . . determined by her state of domicile, not her state of residence.  A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return."[7]  Mr. Cady refers to himself as both a citizen of Arizona and Florida.[8]  Regardless of Mr. Cady's actual domicile, whether the court has subject matter jurisdiction will turn on USAA's citizenship.

USAA is a reciprocal insurance exchange.  A reciprocal insurance exchange, "in its pure form . . . is a web of contractual relationships between subscribers who agree to

---

[4]U.S. Const. art. III, § 2.

[5]28 U.S.C. § 1332(a)(1).

[6]*See Lincoln Property Co. v. Roche*, 546 U.S. 81, 82 (2005); *see also Strawbridge v. Curtiss*, 3 Cranch 267 (1806).

[7]*Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

[8]Doc. 17 at 2, 5–6.

insure one another, consummated through a common agent with power of attorney."[9] The overriding question is whether USAA is properly treated as a corporation or an unincorporated association for purposes of diversity jurisdiction. For purposes of diversity jurisdiction, a corporation is a citizen of both the state where it is incorporated and the state where its "nerve center" (typically its headquarters) is located.[10] An unincorporated association is deemed a citizen of every state where it has members.[11] Because USAA has subscribers in all fifty states,[12] if it is treated as an unincorporated association, there is not complete diversity.

Although the Ninth Circuit has not considered the issue, the findings of other circuit courts are persuasive. After cataloguing the similarities between a reciprocal insurance exchange and a corporation, the Fifth Circuit found that "[a]s an unincorporated association, a reciprocal insurance exchange is considered to have the citizenship of its members for diversity purposes in federal court."[13] The Tenth and Second Circuits have also determined that reciprocal insurance exchanges–USAA in particular–are unincorporated associations and therefore share the citizenship of each of their members.[14]

---

[9] *True v. Robles*, 571 F.3d 412, 414 (5th Cir. 2009).

[10] 28 U.S.C. § 1332(a)(1), (c)(1); *Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1192 (2010).

[11] *See, e.g.*, *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990).

[12] Doc. 14-1 at 3.

[13] *True*, 571 F.3d at 422 n.2 (analyzing USAA).

[14] *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988); *Baer v. United Servs. Auto. Ass'n*, 503 F.2d 393 (2d Cir. 1974).

Just recently, the District of Arizona had occasion to consider the citizenship of a different reciprocal insurance exchange.[15] The court likewise concluded that reciprocal insurance exchanges are unincorporated associations for purposes of determining diversity of citizenship.[16]

This court sees no reason to stray from the clear trend of circuit precedent and earlier decisions of this district. Because USAA is an unincorporated association with members in all fifty states, it is considered a citizen of all fifty states–including Arizona and Florida. There is not complete diversity, and the court therefore does not have diversity jurisdiction under § 1332. Because Mr. Cady did not assert a federal claim, there is no federal question jurisdiction.

The absence of subject matter jurisdiction renders USAA's Rule 12(b)(6) and Rule 12(h)(3) arguments moot.

### V.  CONCLUSION

For the foregoing reasons, defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule 12(b)(1) is **GRANTED**, and the case is **DISMISSED**.

DATED this 16th day of February 2011.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[15] *See Truck Ins. Exch. v. The Manitowoc Co.*, No. CV-10-8191, 2010 WL 4961618 (D. Ariz. Dec. 1, 2010).

[16] *Id.* at *2.